UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>v.<br><br>PAUL ANTHONY BRYANT,<br><br>Defendant. | No. 25-mj-00173-ZMF |

## ORDER

On August 28, 2025, the parties appeared before the Court for a Detention Hearing. The Court found that notwithstanding the allegations against Defendant outlined in the Complaint [1], conditions of release could be fashioned to reasonably assure the safety of the community and Defendant's appearance as required. The Court concluded based on the Defendant's lack of criminal history, his background as a lawyer, and his service an Army veteran, that minimal conditions of release—as recommended by the Pre-Trial Services Agency— would suffice. As such, the Court ordered that Defendant be released. See Proposed Release Conditions [7].

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Munchel*, 991 F.3d 1273, 1279 (D.C. Cir. 2021) (quoting *United States v. Salerno*, 481 U.S. 739, 755 (1987)). However, the "limited exception" has now swallowed the rule. Between 1983—the year before Congress enacted the Bail Reform Act—and 2019, federal pretrial incarceration rates skyrocketed from less than 24% to 75%. See Alison Siegler et al., Freedom Denied: How the Culture of Detention Created a Federal Jailing Crisis, Univ. Chi. L. Sch. Fed. Crim. Just. Clinic 1, 20–22 (Oct. 2022), https://freedomdenied.law.uchicago.edu/report. The Court found that the Proposed Conditions

meet the requirement of the Bail Reform Act: to reasonably ensure the safety of the community. These conditions are strict. Moreover, the government has not presented an articulable danger, which is their burden. In fact, the risk of danger appears minimal.

At the conclusion of the hearing, counsel for the government orally moved for a temporary stay of the Court's release order. The Court rejected this request, finding that the government "[had] not satisfied the stringent requirements for a stay pending appeal [as set forth in] *Nken v. Holder*, 556 U.S. 418, 434 (2009)." *See Aviel v. Gor, et. al*, No. 25-5105, 2025 WL 1600446, at *1 (D.C. Cir. June 5, 2025). This Court previously examined the *Nken* factors in the context of an appeal of a release decision in *United States v. Abass*, No. 25-CR-0079-TSC, 2025 WL 1096795 (D.D.C. Apr. 11, 2025). There, the Court found that such a stay was not appropriate under. *See id*. Here, the Court adopts the Nken factor reasoning applied in *Abass*. *See id*. For the same reasons as there, the Nken factors weigh against granting a stay here. *See id*. Multiple judges have since applied Nken and refused to enter a stay. *See United States v. Spriggs*, No. 24-CR-00519-DLF; *United States v. Bryant*, No. 25-CR-00097-JDB; *United States v. West*, No. 25-CR-00148-RC.

It is so **ORDERED.**

Date: August 28, 2025

_____
HONORABLE ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE